CHICAGO, ROCK ISLAND & TEXAS RAILWAY COMPANY v.
H. H. HALSELL.

Decided July 1, 1904.

**Carriers—Shipping Contract—Prior Oral Agreement.**

Where in signing a written contract of shipment, which limited the liability of the carrier to damages occurring on its own line, the shipper merely carried out an agreement which was implied when he made a previous oral negotiation with the carrier's agent, the signing was but the consummation of such negotiation or oral contract, and the shipper was not in a position to avoid the binding force of the written contract, which took away none of the rights he would have had in the absence of any contract, oral or written.

Appeal from the County Court of Wise. Tried below before Hon. J. G. Gose.

*N. H. Lassiter, Robt. Harrison,* and *T. J. McMurray,* for appellant.

*J. M. Basham,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—In signing the contract of shipment, which limited the liability of appellant to damages occurring on its own line, appellee did but carry out the agreement which was implied when he had the previous oral negotiotion with McCabe. He admitted very frankly, while testifying as a witness, that he expected to sign it when he talked with McCabe ten days before the shipment. It was therefore but the consummation of this negotiation or contract with McCabe, and appellee was not in position to avoid the binding force of the written contract, which took away none of the rights appellee would have had in the absence of any contract, oral or written. His own testimony made a clear case against him. The court therefore erred, as assigned, in giving the fifth paragraph of the charge. The case is not to be distinguished from that of Ft. Worth & D. C. Ry. Co. v. Wright, 24 Texas Civ. App., 291, 58 S. W. Rep., 847. The error was material, because the evidence undisputedly showed that the delay complained of occurred on the Choctaw, Oklahoma & Gulf Railroad, and it would be our duty to reverse and render the judgment in favor of appellant but for the joint liability alleged in the petition as a ground of recovery, in support of which some evidence was offered, though it may have been insufficient, to prove such joint liability.

For the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*